UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                          CASE NO.  17-02469-3G7

NATASHIA T. SWINDLER

                                        Debtor(s)./

## APPLICATION FOR ATTORNEY'S FEE
## FOR GORDON P. JONES AS ATTORNEY FOR THE ESTATE

Gordon P. Jones respectfully represents that he has been appointed as the attorney for this estate, and that he performed the services as set forth in the attached statement on behalf of the estate.

Applicant has received no compensation for services rendered and deems it reasonably worth $825. He has spent approximately 3 hours on professional services for the estate.  However, in light of the ultimate recovery, applicant has agreed to reduce his fee to $757.68.

In addition to the time and labor required, the Applicant states that the following factors are relevant in determining the appropriateness of his fee according to the factors delineated in Johnson v. Georgia Highway Express, Inc. 488 F.2d 714 (5th Cir. 1974);

1.   The novelty and difficulty of questions.  Not a factor in this case.

2.   The skill requisite to perform the service properly.  Representing the interests of the estate requires a comprehensive knowledge of both federal and state law practice.  The attorney for the estate must be familiar with diverse topics including but not limited to creation and perfection of security interests under both state and federal law; exemptions available under both federal and state law; fraudulent transfers; preferential transfers; dissolution of marriage and property settlement agreements; federal income tax law; real and personal property rights; testate and intestate succession; and recovery of personal injury claims.

3.   The preclusion of other employment by the attorney due to acceptance of the case.  The Applicant limits his practice to representing bankruptcy estates.  Representing bankruptcy estates precludes the Applicant from representing other parties typically involved in the bankruptcy process such as creditors or debtors on a regular basis due to potential conflicts of interests.  Additionally, the Court will not allow the Applicant to represent any other trustees or estates in which other trustees have been appointed.  Further, due to the time requirements and scheduling conflicts, the Applicant is effectively precluded from representing other clients in non-bankruptcy forums.

4.   The customary fee.  The Applicant charges the customary fee for his services as other attorneys that represent bankruptcy trustees in the same or similar geographic area.

5.   Whether the fee is fixed or contingent.  The Applicant suggests that in this case his fee is a contingent fee limited by his hourly rate and time.  The Applicant has performed services on behalf of this estate without compensation since his initial employment.  Further, the Applicant will not receive any compensation unless his efforts produced an estate to be administered.  Nonetheless, the Applicant's fee is limited to a maximum of his hourly rate multiplied times the number of hours expended by the Office of the United States Trustee and is subject to further reduction by the Court at the conclusion of the case.

6.   Time limitations imposed by the client or circumstances.  The Applicant is limited in some circumstances by the United States Trustee guidelines that require assets to be liquidated within one year.

7.   The amount involved and the results obtained.  The Applicant has expended $825 in attorney time representing the estate; however, Applicant has agreed to reduce his fee to $757.68.

8.   The experience, reputation and ability of the attorney.  The Applicant's specialty is the practice of bankruptcy and commercial law.  However, the Applicant does have prior experience in insurance defense litigation.  The Applicant has lectured on bankruptcy law for the Florida Bar, and has presented seminars on bankruptcy law.  Finally, in addition to the Applicant's legal credentials, the Applicant is a licensed Real Estate Broker and has obtained a Masters in Business Administration.

9.   The nature and length of the professional relationship with the client.  The Applicant regularly represents the estate as permitted by the Bankruptcy Code.

10. Awards in similar cases.  The award is consistent with awards in similar cases.  The award is less than awards in similar cases because the Applicant has voluntarily reduced his fee.

Applicant has not in any form or guise agreed to share the compensation for services with any person not contributing, or to share in the compensation of any person rendering services in this case or in connection with this case to which services Applicant has not contributed (other than a law partner or forwarding attorney at law); and that Applicant has not entered into any agreement, written or oral, express or implied, with any other party in interest or any attorney of any other party in interest in this proceeding for the purpose of fixing the amount of fees or other compensation, to be paid to any party in interest, or any attorney of any party in interest for services rendered.

Dated this 1ST day of September , 2017.

/s/ Gordon P. Jones
Gordon P. Jones
Florida Bar No.: 829439
Post Office Box 600459
Jacksonville, FL  32260-0459
(904) 262-7373
Attorney for Trustee

cc: United State Trustee

Trustee: **GORDON P. JONES, TRUSTEE (293100)**

Case 3:17-bk-02469-PMG    Doc 17    Filed 09/01/17    Page 3 of 3

# Time Sheet Report

### Entries Through 09/01/17

| Case Number: | **17-02469** | | Case Name: | **SWINDLER, NATASHIA T.** | | Petition Date: | **07/03/17** |
|---|---|---|---|---|---|---|---|
| Case Status: | **Asset** | | Judge: | **(3G7) PAUL M. GLENN** | | Original 341a Meeting: | **08/17/17** |

| Matter/User | Date | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| **Staff Name:  GORDON JONES** | | | | | |
| ASSET ANALYSIS & RECOVERY | 08/23/17 | Review debtor's financial documents including accident records and accounting for proceeds from accident report | 2.00 | 275.0000 | 550.00 |
| FEE/EMPLOYMENT APPLICATIONS | 08/23/17 | Preparation, electronic filing and service of Application to employ Gordon Jones as Attorney for the Estate | 0.50 | 275.0000 | 137.50 |
| FEE/EMPLOYMENT APPLICATIONS | 09/01/17 | Preparation, filing and service of application for allowance of attorneys fees | 0.50 | 275.0000 | 137.50 |
| | | **Totals for GORDON JONES** | **3.00** | | **825.00** |
| | | **Total for Case Number:  17-02469** | **3.00** | | **825.00** |